## COX v. CLARKE et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. CONTEMPT—DISOBEDIENCE OF ORDER OF COURT.

In proceedings for contempt of court for failure of defendant and his attorney, in a suit for the settlement of firm accounts to produce firm books as directed by an order of court, plaintiff averred that he believed and was morally certain that defendant took some of the books. Defendant and his attorney denied ever having had possession of any of the books. Defendant was sustained by the affidavit of his wife. *Held* improper to convict defendant and his attorney for contempt.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Contempt, § 187.]

2. SAME.

Where a partner in a suit for an accounting disobeyed an order of the court requiring him to file an account, and disregarded orders of the court with reference to interference with the copartnership matters after the appointment of a receiver of the firm's property, the court was justified in finding him guilty of contempt.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Contempt, §§ 51-58.]

Appeal from Special Term, New York County.

Proceedings by Fred Henry Cox for the punishment of Charles E. Clarke, a defendant in an action, and Charles Stein, his attorney, for contempt of court. From an order adjudging defendant and his attorney guilty, they appeal. Modified.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles Stein, for appellant.
Fred Henry Cox, pro se.

INGRAHAM, J. The order appealed from adjudges the defendant and Charles Stein, his attorney, guilty of misconduct and contempt in disobeying an order of the court, dated May 2, 1902. The action was brought for the dissolution of a copartnership between two attorneys at law and for an accounting. The record consists of long affidavits made by these two attorneys and various orders of the court based thereon. The affidavits are so involved, contradictory, and diffuse that it is somewhat difficult to determine just what was done before the referee. The situation of the parties seems to have been that, the members of this legal copartnership (if it may be so called) having disagreed, this action was commenced for an accounting; there being apparently no assets of the firm, except several small sums due from clients for legal services. Both parties to the action then endeavored to collect the amounts due from their unfortunate clients, and judgments to which their clients were entitled were entered in such a way that one or the other could collect them. After several motions in relation to vacating such judgments and re-entering them, this action was commenced, in which an interlocutory judgment seems to have been entered on January 23, 1902, dissolving the copartnership and directing an accounting. That judgment is not a part of the record, but under it the parties proceeded before the referee.

On the 4th of March, on motion of the plaintiff, an order was entered requiring the defendant to file with the referee, within 10 days after due service of the order, a written debit and credit account between the defendant and his copartnership with the plaintiff, the same to be verified by an affidavit that the account, both debits and credits, is correct to the defendant's best knowledge and belief, and that he does not know of and is not able to ascertain any error or omission therein to the prejudice of said copartnership or of the plaintiff, and also requiring the defendant to deliver to and deposit with the referee all books in the defendant's possession or under his control belonging or appertaining to said copartnership, and that the defendant attend in person before the referee and submit to a cross-examination upon such accounts and books. In pursuance of this order the defendant filed with the referee an account containing a statement of the amounts received and the disbursements by the defendant, and also the amounts alleged to have been received by the plaintiff. This account was verified by an affidavit which contained a clause that the defendant reserved the right to prove any other items of partnership receipts and expenditures upon the hearing therein, whereof knowledge or information might come to him or of which he may have forgotten, or which he might obtain upon a cross-examination of the plaintiff. This account does not seem to have been satisfactory, as the plaintiff obtained an order on May 2, 1902, which required the defendant or his attorney to deposit with the referee all books, memoranda, papers, vouchers, and items in their custody, under their control, or procurable by them, belonging or in any degree appertaining to any accounting had or to be had between the defendant and the plaintiff, or between the defendant and said copartnership of Cox & Clarke, particularly the small copartnership account of memorandum book of the copartnership of Cox & Clarke; also requiring the defendant or Charles Stein to file with the referee within five days an itemized account of all moneys alleged to have been properly paid out by the defendant on behalf of the said Cox & Clarke, with other particulars specified, and that such statement of account be verified by the defendant as correct, proper, and true, "without his reserving a right thereafter to allege or prove any other item of alleged copartnership expenditure, whereof he might thereafter allege to have forgotten," and in default of a compliance with the order the defendant and Stein were required to show cause at Special Term of the Supreme Court, on the 12th day of May, 1902, why they should not be punished as for a contempt of the court, and they were also required to show cause why the interlocutory judgment should not be resettled in certain particulars specified. Upon the return day of this order voluminous affidavits were submitted. The court appears to have adjudged the defendant Stein in contempt; but, as they professed willingness to obey all orders, the court concluded to give them another opportunity to do so, and reserved until the coming in of the referee's report the question of the punishment to be imposed upon them for their failure to promptly comply with such orders. The action then seems to have proceeded before the referee,

but the defendant and his attorney failed to comply with either order, and failed to file a verified account as therein required, and no books, memoranda, voucher, paper, or writing was ever deposited as commanded. Subsequently, in July, 1903, the referee made his report, but such report is not made a part of the record. Thereupon the plaintiff obtained an order requiring the defendant to show cause why the order should not be then settled adjudging the defendant and his attorney in contempt, and imposing the punishment as prayed for in the affidavit annexed to the order to show cause. The affidavit upon which this application was made is another long and diffuse statement of all the various steps in the action and the disputes between the parties, with much irrelevant matter. In answer to this affidavit the defendant and his attorney submitted affidavits.

These affidavits, while denying the fact that the defendant had failed to comply with the order of the court, seek to excuse such failure as unintentional, and they state, further, that neither the defendant nor his attorney has any books relating to the copartnership. I cannot find in this record any evidence that either the defendant or his attorney ever had any books of copartnership in their possession or under their control. The allegations of the plaintiff that he believes and is morally certain that the defendant took some memorandum books in relation to the firm business is met by a positive denial of the defendant that he ever had possession of any books, and this denial is sustained by the affidavit of his wife; and the affidavit of the defendant's attorney is equally positive that he never had possession of the books, or any knowledge of them. In view of these affidavits, it seems to me that it was improper to convict the defendant and his attorney for contempt in failing to deliver these books. In relation to filing his account, it is not denied that the defendant disobeyed the order of the court. The defendant also seems to have disregarded the orders of the court in relation to his interference with the copartnership matters after the plaintiff was appointed receiver of the property of the firm; and I therefore think that the order was justified so far as the defendant was adjudgd guilty of contempt, and that the amount of the fine imposed should not be disturbed.

My conclusion is that the order should be modified by striking out the provision adjudging that the defendant's attorney is guilty of contempt, and denying the motion to punish him for contempt, with $10 costs and disbursements to appellant Stein, and by striking out the provision adjudging that the defendant is guilty of contempt in having failed to deposit with the referee the books and memoranda specified in the order, and, as modified, affirmed as to the defendant Clarke, without costs of this appeal.

O'BRIEN, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur. PATTERSON, J., concurs in result.